# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:16-CV-00019 |
| v. | : | (Judge Brann) |
| RANDY THOMPSON, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### OCTOBER 10, 2017

Defendant Randy Thompson filed a Motion for Severance pursuant to Federal Rule of Criminal Procedure 14. For the reasons that follow, his motion is denied.

**I.  BACKGROUND**

On February 11, 2016, a Superseding Indictment alleged that Randy Thompson and 18 other individuals participated in a drug conspiracy that took place along the Interstate 80 corridor between Bloomsburg and Williamsport, Pennsylvania.[1] Mr. Thompson was charged in two of the indictment's counts: in Count I, with conspiracy to distribute controlled substances in violation of 18

---

[1] ECF No. 25.

U.S.C. § 846, and in Count XI, with distribution/possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).[2]

On September 7, 2016, Mr. Thompson filed a Motion for Severance, asking the Court to sever his case from that of the 18 other defendants'.[3] Claiming that there was "no logical relationship between the crimes in which he [was] charged and the overall conspiracy,"[4] he argued that he would be "prejudiced by the spill-over effect of the substantial evidence from the remaining 18 defendants" because it would prevent him "from having a jury consider only the evidence presented as to him."[5] He also argued that he had "an antagonistic defense against [certain identified] co-defendant[s]" and that "some of the co-defendants would provide exculpatory testimony on his behalf in the event he was severed from this matter."[6] The Court denied that motion on November 2, 2016, and held that joinder of the defendants was proper.[7]

On November 10, 2016, the grand jury returned a Second Superseding Indictment, again alleging Mr. Thompson's involvement in the drug conspiracy

---

[2] *Id.*

[3] ECF No. 316.

[4] *Id.* ¶ 14.

[5] *Id.* ¶¶ 18-19.

[6] *Id.* ¶¶ 20-21.

[7] ECF No. 350.

and charging him with the same offenses.[8] This indictment added 8 individuals to the alleged conspiracy, bringing the total number to 27.

On August 8, 2017, this Court granted Mr. Thompson the right to file a second Motion for Severance,[9] which he filed on August 16, 2017.[10] Again asking this Court to sever his case from the remaining defendants, he noted that the filing of the Second Superseding Indictment – and accompanying addition of 8 defendants – resulted in several continuances, all of which he objected to.[11] Claiming that the "Government has not produced any evidence that the [additional defendants] in any way conspired with him," he argued that "the prejudice to [him] is that he has remained incarcerated" since January 21, 2016 – a period of 572 days as of the filing of the motion.[12]

The Government opposed Mr. Thompson's motion on September 20, 2017, and a hearing was held on October 3, 2017.

## II. DISCUSSION

Under Federal Rule of Criminal Procedure 8(b), an "indictment or information may charge 2 or more defendants if they are alleged to have

---

[8] ECF No. 362. In this indictment, the charge of distribution/possession with intent to distribute appeared in Count X.

[9] ECF No. 704.

[10] ECF No. 709.

[11] *Id.* ¶¶ 13, 15-16, 23-24.

[12] *Id.* ¶¶ 30, 32.

participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Under Rule 14(a), however, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The United States Supreme Court has noted that

> [t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system[,] promote efficiency[,] and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.[13]

Regarding motions for severance, that Court has stated that

> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a *specific trial right* of one of the defendants, or prevent the jury from making a *reliable judgment about guilt or innocence.*[14]

As the Government argued in its opposition brief and at the hearing, Mr. Thompson has failed to specify how, exactly, a joint trial would prejudice him under Rule 14. He has neither identified a "specific trial right" that he believes will be compromised, nor has he indicted how the jury would be prevented from

---

[13] *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted).

[14] *Id.* at 539 (emphasis added).

making a "reliable judgment about [his] guilt or innocence." Although he raised arguments on these points in his earlier Motion for Severance, he has not repeated them in his instant motion. And although he points to the fact that he has been incarcerated for more than 20 months, he does not identify how that period of incarceration prejudices him in any concrete way – *e.g.*, by threatening the loss of evidence over time. While excessive trial delays may give rise to a claim under the Sixth Amendment's speedy trial guarantee, Mr. Thompson has not convinced this Court that his delay warrants severance.

## III. CONCLUSION

For the reasons discussed *supra*, Mr. Thompson's Motion for Severance is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge