# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-0019 |
| v. | (Judge Brann) |
| KEITH HAKIM HARDING, and RANDY THOMPSON, | |
| Defendants. | |

## MEMORANDUM OPINION

## MAY 23, 2018

**I.  BACKGROUND**

Defendants Keith Hakim Harding and Randy Thompson have each filed a Motion for Bill of Particulars. For the reasons that follow, both motions are denied.

**II.  DISCUSSION**

Federal Rule of Criminal Procedure 7(f) provides that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."[1] The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately

---

[1] Fed.R.Crim.P. 7(f).

prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."[2]

A bill of particulars is not, however, a discovery tool.[3] Rather, it serves "to apprise the defendant of the essential facts of a crime,"[4] and thus should be granted only "if an indictment is so vague that it 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'"[5] Furthermore, the United States Court of Appeals for the Third Circuit has emphasized that a bill of particulars is unnecessary when the Government has provided the defendant with extensive discovery concerning both evidence and witnesses.[6] Finally, the decision to grant a bill of particulars is vested within the "sound discretion of the district court."[7]

### A. The charges in the indictment

Both Harding and Thompson are charged in Count One of the second superseding indictment,[8] which reads:

---

[2] *United States v. Urban,* 404 F.3d 754, 771 (3d Cir.2004) (*quoting United States v. Addonizio,* 451 F.2d 49, 63-64 (3d Cir. 1971)).

[3] *United States v. Stiso*, Criminal Action No. 14-CR-484, 2015 WL 5666137, at *6 (D.N.J. Sept. 25, 2015).

[4] *Id.* (*quoting United States v. Ordaz-Gallardo*, 520 F.Supp.2d 516, 521-22 (S.D.N.Y. 2007)).

[5] *Id.* (*quoting United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir. 1989)).

[6] Urban, 404 F.3d at 772.

[7] *Stiso*, 2015 WL 5666137, at *6 (*citing United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988)).

[8] ECF No. 362.

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy to Distribute
### Controlled Substances
### 21 U.S.C. § 846

From in or around January 2011 and continuing through the date of this indictment, in Lycoming, Northumberland, and Columbia Counties, within the Middle District of Pennsylvania, and elsewhere, the defendants

TROY RYHEE BROWN
SHAWN CHRISTIAN HAYMAN
KALIF ENGLISH
SHARONDA ROSALIE WALKER
DONALD NATHAN AVERY, JR.
TAYZA DOMINIQUE BROWN
NAQUANN ERIC LEE
TAIJUAN JAJUAN FALANA
KEITH HAKIM HARDING
SHAWN ALLEN GAMBRELL
OMAR B. BROWN
MARISSA ANN COPEN
ALKEISHA EDWARDS
CHANTEL MONET MCFARLIN
LAMONT JOHNSON
RANDY THOMPSON,
ERIC JACKSON
SHAKEEN ASMAR TAYLOR
ERIC HARDING
JARRET CRADDOCK

NAHEEM STINNET
NASHEEN WAHLEEK TAYLOR
RICHARD BLACK
RAQUAN TYRIK BLOW-ENTY

and co-conspirators COREY LAMAR HUGHES, PARRIS COATY WATKINS, JR., and TIMOTHY B. MOSES, JR., did knowingly and intentionally combine, conspire, confederate, and agree with each other, and other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit: knowing and intentional possession with the intent to distribute and distribution of controlled substances, that is, heroin, a Schedule I controlled substance, cocaine base, known as "crack" cocaine, a Schedule II controlled substance, and buprenorphine, a Schedule III controlled substance, and more specifically:

(1) KALIF HASON ENGLISH, ERIC JACKSON, SHARONDA WALKER, SHAKEEN TAYLOR, ERIC HARDING, TROY BROWN, and KEITH HAKIM HARDING did conspire to distribute and possess with intent to distribute 1,000 grams and more of heroin;

(2) SHAWN CHRISTIAN HAYMAN, DONALD NATHAN AVERY, JR., NAQUANN ERIC LEE, TAIJUAN JAJUAN FALANA,

SHAWN ALLEN GAMBRELL, OMAR BROWN, ALKEISHA EDWARDS, CHANTEL MONET MCFARLIN, LAMONT JOHNSON, RANDY THOMPSON, NAHEEM STINNET, and NASHEEN WAHLEEK TAYLOR did conspire to distribute and possess with intent to distribute 100 grams and more of heroin; and

(3) TAYZA DOMINIQUE BROWN, MARISSA ANN COPEN, JARRET CRADDOCK, RICHARD BLACK, and RAQUAN BLOW-ENTY did conspire to distribute and possess with intent to distribute a detectable amount of heroin.

### Manner and Means

To carry out the conspiracy, the conspirators employed the following manner and means:

1. The conspirators traveled by rental cars and other vehicles from Philadelphia and its vicinity to the Williamsport, Pennsylvania area for the purpose of obtaining, transporting, and distributing heroin, and other controlled substances.

2. The conspirators distributed controlled substances, including heroin, crack cocaine, and buprenorphine, to a network of drug users

and sellers along the Interstate 80 corridor between Bloomsburg and Williamsport.

3. The conspirators rented hotel and motel rooms in Loyalsock Township, Linden, Danville, Bloomsburg in Pennsylvania, and in other locations for the purposes of storing, packaging, and selling heroin and cocaine, and otherwise facilitating the distribution of controlled substances.

4. The conspirators used various residences in and around Williamsport, Danville, Bloomsburg, and Philadelphia to process, store, and keep controlled substances and to store and keep cash, materials for processing and re-packaging controlled substances for distribution and sale, and records and documents concerning drug trafficking activities

5. The conspirators used multiple mobile telephones and social media to communicate concerning heroin and crack cocaine transactions, to facilitate the distribution of those substances, and to maintain contact and share information with members of the conspiracy.

6. The conspirators sent mass text messages via mobile phones to multiple drug customers concerning the availability of heroin and other controlled substances.

7. The conspirators traveled by rental cars and other vehicles to deliver heroin and other controlled substances to various individuals, at diverse locations between Bloomsburg and the Williamsport areas.

8. The conspirators transported and transferred the cash proceeds from the distribution of heroin and other controlled substances using vehicles and ATM machines and on or about their persons.

9. The conspirators bought, sold, traded, and possessed firearms in exchange for cash and controlled substances and to facilitate the distribution of controlled substances.

10. The conspirators acquired firearms, vehicles, and residences, including 810 Rhodes Alley, Williamsport, Pennsylvania with the proceeds of drug trafficking activities.

11. The conspirators communicated using prison telephone facilities to discuss and coordinate ongoing drug trafficking activities, to monitor the status of pending court proceedings, and to manage and

facilitate the disposition of drug distribution proceeds.

12. The Grand Jury incorporates the succeeding count(s) of this Indictment as additional manner and means of the conspiracy.

All in violation of Title 21, United States Code, Section 846.[9]

Thompson is also charged in Count 10, which reads:

THE GRAND JURY FURTHER CHARGES:

COUNT 10
Distribution/Possession with
Intent to Distribute
Controlled Substances
21 U.S.C. § 841(a)(1)

1. The Grand Jury incorporates by reference the preceding count(s) of the Indictment.

---

[9] ECF No. 362 at 2-7.

2. From or about January 15, 2016 and continuing through on or about January 20, 2016, in Lycoming County, within the Middle District of Pennsylvania, and elsewhere, the defendants

ALKEISHA EDWARDS
CHANTEL MONET MCFARLIN
LAMONT JOHNSON
RANDY THOMPSON

did knowingly and intentionally distribute and possess with the intent to distribute the following quantities of controlled substances, to wit: a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, specifically 1,140 bags of heroin recovered from the Grandview Motel and elsewhere, and a detectable amount of crack cocaine, a Schedule II controlled substance, specifically 70 bags of crack cocaine, and did aid, abet, counsel, command, induce, and procure the commission of said offense.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

10

---

[10] ECF No. 362 at 15-16.

### B. Keith Hakim Harding

In his motion, Harding requests the following:

1. The Defendant, Keith Hakim Harding, is named in Count One of a twenty-four (24) defendant Indictment charging Conspiracy to Distribute in Excess of 1,000 grams of Heroin pursuant to 21 U.S.C. §846.

2. With respect to Count One, the Defendant requests the nature of any and all statements and or events other than those already contained in the Indictment, upon which the prosecution intends to rely to prove that the Conspiracy existed.

3. With respect to Count One, provide the dates to which the Government attributes actual activity in the Conspiracy to the Defendant.

4. With respect to Count One, provide the identities of the Defendants, both named and unnamed, with whom Keith Hakim Harding actually conspired.

5. With respect to Count One, provide the specific acts, conduct, methods or means by which the conspiracy is alleged to have been committed.

6. With respect to Count One, the date and nature of the earliest statement and or event upon which the prosecution relies to establish when Keith Hakim Harding joined the conspiracy.[11]

### C. Randy Thompson

In his motion, Thompson requests the following:

1. Specific ranges of dates which the Government contends Defendant was a co-conspirator in this matter.

---

[11] ECF No. 906 at 1.

2. The specific telephone calls the Government intends to use in its case in chief.

3. The specific text messages the Government intends to use in its case in chief.

4. The specific acts the Government attributes to activity by the Defendant.[12]

**D. Both motions are denied.**

It is well-settled that "a bill of particulars is designed to cure any potential problems with the indictment in the early stage of a prosecution."[13] Here, I find no deficiencies in the allegations charged in the second superseding indictment.

The elements with respect to conspiracy to distribute controlled substances, for which both Harding and Thompson are charged with are:

> In order for you to find (name) guilty of conspiracy to (distribute) (possess with the intent to distribute) (manufacture) (possess) a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:
>
> First: That two or more persons agreed to (distribute) (possess with the intent to distribute) (manufacture) (possess) a controlled substance. (I have explained the elements of this offense already.) (I will explain the elements of this offense to you shortly.);
>
> Second: That (name) was a party to or member of that agreement; and Third: That (name) joined the agreement or conspiracy knowing of its objective(s) to (distribute) (possess with the intent to distribute) (manufacture) (possess) a controlled substance and intending to join together with at least one other alleged conspirator to achieve that

---

[12] ECF No. 912 at 1.

[13] 42 Corpus Juris Secundum, Indictments § 192 (Cecily Fuhr, J.D.; Glenda K. Harnad, J.D.; Michele Hughes, J.D.; John Kimpflen, J.D.; and William Lindsley, J.D.)

(those) objective(s); that is, that (name) and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that (those) objective(s).[14]

As it applies to this motion for a bill of particulars, Thompson alone is charged with distribution/possession with intent to distribute controlled substances. The elements of this crime are:

First: That (name) possessed a mixture or substance containing a controlled substance;

Second: That (name) possessed the controlled substance knowingly or intentionally;

Third: That (name) intended to (manufacture) (distribute) the controlled substance; and

Fourth: That the controlled substance was (identity of controlled substance).
[When the indictment alleges one of the weight thresholds authorizing increased maximum penalties under 21 U.S.C. § 841(b), use one of the following alternatives:

*Alternative 1*
Use the appropriate Verdict Form with Special Interrogatories With Respect to Substance Identity and Weight, as provided in Instruction 6.21.841C.

*Alternative 2*
Give the following additional instruction, and also consider giving a lesser included offense instruction on possession with intent to (distribute) (manufacture) a weight meeting a lower maximum penalty threshold:

---

[14] Third Circuit Model Criminal Jury Instructions.

> Fifth: That the weight of the mixture or substance containing the controlled substance was (approximate weight) (X grams or more).][15]

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described defense."[16] "The granting of a bill of particulars remains a discretionary matter with the trial court."[17]

The second superseding indictment is sufficiently opaque in its allegations such that a bill of particulars is unnecessary. The second superseding indictment clearly alleges facts as to each element of the offenses.

As to conspiracy, Harding and Thompson are alleged to have both been participants in a twenty-eight person conspiracy, and specifically, that beginning in January 2011 through the date of indictment, Harding conspired to distribute and possess with intent to distribute 1,000 grams or more of heroin, and Thompson conspired to distribute and possess with intent to distribute 100 grams or more of heroin.

---

[15] Third Circuit Model Criminal Jury Instructions.

[16] *United States v. Serafini*, 7 F. Supp. 2d 529, 547 (M.D. Pa. 1998) (Vanaskie, J.), *aff'd*, 167 F.3d 812 (3d Cir. 1999)

[17] *Id.*

As to the distribution/possession with intent to distribute charge, Thompson, along with at least three co-conspirators, is alleged to have possessed, from January 15, 2016 to January 20, 2016, 1,140 bags of heroin together with 70 bags of crack-cocaine recovered from the Grandview motel and elsewhere.

The Government has provided Harding with discs containing investigative reports, intercepted conversations involving him, surveillance photographs and videos, police reports, information from cellular phones, laboratory reports, and investigative reports for controlled drug purchases made by confidential informants.[18] The Government has provided Thompson with pre-trial discovery, including CDs, DVDs, affidavits, Ten-Day reports, search warrants, inventories, investigative reports, surveillance activity, laboratory reports, telephone toll records, video surveillances, pictures, and photographs.[19]

Harding is requesting "the nature of any and all statements or events, the dates…activity in the conspiracy…identities of Defendants…the specific acts."[20] Thompson is also requesting the specific "telephone calls…text messages…and acts…the Government intends to use in its case in chief."[21] However, what each

---

[18] ECF No. 926 at 9.

[19] ECF No. 931 at 4.

[20] ECF No. 906 at 1.

[21] ECF No. 912 at 1.

defendant is actually demanding is for the Government to pinpoint where in this considerable array of discovery, the evidence against each man may be located.

I sympathize with what must be the arduous task of combing through discovery applicable to originally twenty-eight defendants to find the germane evidence against either Harding or Thompson. That said, "It is well established that a bill of particulars is not to be used by the defendant as a discovery tool, by which defendants obtain disclosure of every detail of the theory and preparation of the government's case."[22] It is apparent to me that this is what both Defendants here desire. The Court declines to permit the Defendants to, as the Government aptly puts it, "convert a bill or particulars into a preview of the government's proof at trial."[23]

## III. CONCLUSION

Both motions for bill of particulars are denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[22] *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983).

[23] ECF No. 926 at 10-11.