# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-0019-19 |
| v. | (Judge Brann) |
| RANDY THOMPSON, | |
| Defendant. | |

## MEMORANDUM OPINION

## MAY 23, 2018

### I. BACKGROUND

Defendant Randy Thompson filed a motion to dismiss the indictment pursuant to the Rules of Federal Criminal Procedure and the Speedy Trial Act.[1] For the reasons that follow, the motion will be denied.

### II. DISCUSSION

The right to a speedy trial is so integral to our system of justice, the right is demarcated in each of the various sources of law in the American system – constitutional, statutory, and procedural rules. Specifically, the Sixth Amendment to the United States Constitution decrees:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the

---
1  ECF No. 911.

nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

The Speedy Trial Act echoes this constitutional guarantee. "In any case involving a defendant charged with an offense, the appropriate judicial officer…shall…assure a speedy trial."[2] Rule 48(b) of the Federal Rules of Criminal Procedure provides a remedy for a violation of these constitutional and statutory guarantees, "the court may dismiss an indictment…if unnecessary delay occurs in…bringing a defendant to trial."

To determine if Thompson's right to a speedy trial has been violated, I balance four factors, known as the *Barker* factors: the length of delay; the reason for the delay; Defendant's assertion of his right to a speedy trial; and the prejudice, if any, the defendant suffered by the delay.[3]

"The first consideration under the *Barker* test is the length of the delay."[4] "The delay involved first figures into the speedy trial equation for the purpose of determining whether it is long enough to trigger inquiry into the other *Barker* factors."[5] Here, Thompson was arrested on January 21, 2016, and after granting

---

[2] 18 U.S.C. § 3161(a).

[3] *See Barker v. Wingo*, 407 U.S. 514 (1972), *United States v. Valazquez,* 749 F.3d 161 (3d Cir. 2014), *Hakeem v. Beyer*, 990 F.2d 750 (3d Cir. 1993).

[4] *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009)

[5] *Id.*

various continuances attributed to his twenty-seven co-defendants in this large conspiracy, I have now set a date certain trial to commence September 10, 2018 **with no further continuances permitted**. Accordingly, the time from arrest to trial will be nine-hundred sixty-three (963) days, or two years, seven months, and twenty days. This time is, comparatively, rather lengthy. I find, therefore, that the balance of the first factor is in favor of Thompson and against the Government.

The second *Barker* factor is the reason for the delay. "*Barker* grouped possible reasons for delay into three categories."[6] "A deliberate effort by the Government to delay the trial 'in order to hamper the defense' weighs heavily against the Government."[7] "A more neutral reason such as negligence or overcrowded courts also weighs against the Government, though less heavily."[8] "Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay."[9] "By contrast, delay caused by the defense weighs against the defendant, including delay caused by the defendant's counsel."[10] "The Government bears the burden to justify the delay."[11]

---

[6] *Id.* at 679.

[7] *Id.* (internal citations and quotations omitted).

[8] *Id.*

[9] *Id.*

[10] *Id.* at 680.

[11] *Id.*

While many continuances were granted in this matter, not one was requested by the Government; all continuances in this matter were granted at the behest of Thompson's co-defendants. Initially, Thompson concurred in the continuance motions, but commencing November 7, 2016, he objected to all subsequent continuances, and moved to sever his case. Every continuance I have granted at the request of a co-defendant has been an exception to the time limits under the Speedy Trial Act at 18 U.S.C. § 3161(h). I granted those requests, over Thompson's objections, because the law favors joint trials of defendants named in a single indictment,[12] particularly where, as here, the defendants are charged under a single conspiracy.[13] Because the Government has made no effort to delay this trial and the reasons for the delay are attributable to Thompson's co-defendants, I find that this second *Barker* factor weighs in favor of the Government.

"The third factor under *Barker* is whether the defendant has asserted his right to a speedy trial."[14] "An assertion of this right provides evidence that the defendant was being deprived of his constitutional right since 'the more serious the deprivation, the more likely a defendant is to complain.'"[15] Thompson has been

---

[12] *United States v. Jimenez*, 513 F.3d 62, 83 (3d Cir. 2008) (*citing United States v. Lane*, 474 U.S. 438, 449 (1986)),

[13] *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir.1996) (*citing United States v. Provenzano*, 688 F.2d 194, 199 (3d Cir.1982); *United States v. Jackson*, 649 F.2d 967, 973 (3d Cir.1981)).

[14] *Battis*, 589 F.3d at 680.

[15] *Id. citing Barker.*

asserting his right to a speedy trial since November 7, 2016. This factor also weighs in favor of Thompson.

The final factor I look to under *Barker* is the prejudice to Thompson. The United States Court of Appeals for the Third Circuit has explained prejudice in the following manner:

> The Supreme Court has outlined two ways in which a defendant can establish prejudice. In *Barker*, the Court directed the courts to assess the prejudice to a defendant "in light of the interests ... which the speedy trial right was designed to protect." 407 U.S. at 532, 92 S.Ct. 2182. A defendant can establish specific prejudice by showing that he was subject to "oppressive pretrial incarceration," that he suffered "anxiety and concern" about the impending trial, or that his defense was impaired as a result of the delay. *Id*. However, in *Doggett*, 505 U.S. at 655, 112 S.Ct. 2686, the Court held that "consideration of prejudice is not limited to the specifically demonstrable," and allowed defendants to claim prejudice without providing "affirmative proof of particularized prejudice." Given that "time's erosion of exculpatory evidence and testimony" can hinder a defendant's ability to prove that his defense was impaired by a delay, the Court stated that "we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id*. at 655-56, 112 S.Ct. 2686. This presumption of prejudice can be mitigated by a showing that the defendant acquiesced in the delay, or can be rebutted if the Government "affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired." *Id*. at 658 & n. 1, 112 S.Ct. 2686.[16]

In the case at bar, Thompson sets forth a circular argument claiming prejudice. In sum, he suggests a presumption of prejudice based on the length of

---

[16] *Id.* at 682.

time from arrest to trial. This Court acknowledges that "if the delay is sufficiently long, courts assess the extent to which the delay was long enough to 'intensify' the prejudice caused by the delay."[17] Although the delay for Thompson has been greater than other, simpler cases, it has an elementary explanation: it is an unusually large conspiracy. A twenty-eight defendant conspiracy is extraordinary and complex, and it will not unexpectedly take some time for counsel to sort through discovery and to coordinate a trial date for a lengthy trial that accommodates professional schedules.

Accordingly, I find that the balance of the *Barker* factors weighs in favor of the Government and against dismissal of this indictment.

## III. CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] *Id.*