# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:16-CR-0019-19 |
|---|---|
| v. | (Judge Brann) |
| RANDY THOMPSON, | |
| Defendant. | |

## MEMORANDUM OPINION

## MAY 23, 2018

### I. BACKGROUND

Before the Court is Defendant Randy Thompson's third motion for bail. Since his January 21, 2016 arrest, Thompson has had four[1] bail hearings before two judges,[2] filed three motions for release, and has now spent twenty-eight months in pre-trial detention.

I acknowledge that the time Thompson has spent in pre-trial detention is, comparatively, rather lengthy. However, I have set a date certain trial to commence September 10, 2018 **with no further continuances permitted**. Thompson is facing a ten-year mandatory minimum sentence and a maximum sentence of life imprisonment having been charged with violating 18 U.S.C.

---

[1] Not including his initial appearance and arraignment immediately after his January 21, 2016 arrest, during which he was detained, and no detention hearing requested.

[2] The undersigned and Magistrate Judge William I. Arbuckle.

841(b)(1)(B) and 846. He is therefore charged with a crime that has a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

Because I do not find Thompson has overcome the presumption of detention, and because any further length of time of pre-trial incarceration is constrained by the date-certain trial, I will deny his motion. The denial is without prejudice.

## II. DISCUSSION

The history of this matter and the basis for denying the motion for release was fully set forth in my January 17, 2018 Memorandum Opinion and Order, ECF Nos. 808 and 809. As such, I will conserve judicial resources and not rehash my prior reasoning, but will instead incorporate it by reference in its entirety. However, I write as to one point which I did not previously address: the due process concerns that arise from the length of time Thompson has spent incarcerated.

At the outset, I note that pre-trial detention is not intended to punish the detainee. The United States Supreme Court has explained, "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."[3] The United States Court of Appeals for the Third Circuit has explained in the matter of *United States v. Accetturo*, that "the

---

[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, not the preventive detention provisions of the Bail Reform Act, is the vehicle chosen by Congress to regulate the length of pretrial delays for both detained and undetained defendants."[4] "The Speedy Trial Act specifically requires that priority be given to a case in which a defendant is detained."[5] However, the Third Circuit also recognized that "complex cases are occasionally not brought to trial until substantially after the 90 day time period set forth in the Speedy Trial Act."[6] "In multi-count, multi-defendant cases such as the case *sub judice*, delays excludable from Speedy Trial calculations under section 3161(h) are commonplace."[7]

"In some such situations the Speedy Trial Act might not work perfectly well to protect against lengthy incarceration, and that the length of the defendant's pretrial detention might not survive a proper due process challenge."[8] The Third Circuit, concluded, however: "Nevertheless, Congress has provided a rational scheme for limiting the duration of federal pretrial detention and we decline to hold the Bail Reform Act unconstitutional for omitting the probable duration of pretrial

---

[4] *United States v. Accetturo*, 783 F.2d 382, 387 (3d Cir. 1986).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 387-88 (internal citations and quotations omitted).

incarceration from its enumeration of factors to be considered by the judicial officer in the initial detention determination."[9]

Similarly, the United States Court of Appeals for the Second Circuit has found permissible in a heroin trafficking case (comparable to the matter at hand) a detention that had lasted 24 months at the time of hearing and was expected to last a total of 30 to 31 months before a verdict could be obtained[10] and, in another case, "30-33 months without a conviction,"[11] stating "it is well-settled that so long as pretrial detention is administrative rather than punitive, it is constitutional."[12]

In addition to the factors addressed in my January 17, 2018 Memorandum Opinion and Order dealing with detention, when the layer of a constitutional due process concern is added to a detention consideration, the Second Circuit has explained that "to determine whether the length of pretrial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness."[13]

---

[9] *Id.* at 388.

[10] *United States v. Millan*, 4 F.3d 1038 (1993).

[11] *United States v. El-Hage*, 213 F.3d 74, 78 (2d Cir. 2000).

[12] *Id.*, at 79 (2d Cir. 2000) *see also United States v. Salerno*, 481 U.S. 739, 746-51 (1987); *Bell v. Wolfish*, 441 U.S. 520 (1979).

[13] *Id. see also United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir.1994).

## III. CONCLUSION

Defendant Randy Thompson's Third Motion for Bail is denied because a date certain trial has now been set in the not too distant future. The denial is without prejudice because the Third Circuit has "agree[d] with the Second Circuit that at some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142."[14]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *Accetturo*, at 388.